IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAVID T. McMANUS, | No. 2:15-CV-0127-CMK |
| Plaintiff, | |
| vs. | MEMORANDUM OPINION AND ORDER |
| COMMISSIONER OF SOCIAL SECURITY, | |
| Defendant. | |

Plaintiff, who is proceeding with retained counsel, brings this action under 42 U.S.C. § 405(g) for judicial review of a final decision of the Commissioner of Social Security. Pursuant to the written consent of all parties, this case is before the undersigned as the presiding judge for all purposes, including entry of final judgment. See 28 U.S.C. § 636(c). Pending before the court are plaintiff's motion for summary judgment (Doc. 20) and defendant's cross-motion for summary judgment (Doc. 24).

/ / /

/ / /

/ / /

## I. PROCEDURAL HISTORY

Plaintiff applied for social security benefits on April 19, 2007. In the application, plaintiff claims that disability began on August 1, 2004. Plaintiff's claim was initially denied. Following denial of reconsideration, plaintiff requested an administrative hearing, which was held on November 4, 2008. In a March 20, 2009, decision, plaintiff's claim was denied and the Appeals Council denied review. Plaintiff filed an action for judicial review in this court. See McManus v. Commissioner of Social Security, 02:10-CV-3090-CMK. In a February 27, 2012, memorandum opinion and order, the court found errors with respect to the agency's consideration of the opinion evidence and remanded for further proceedings.

Following this court's remand, the Appeals Council ordered further proceedings.[1] A second hearing was held on July 10, 2013, before Administrative Law Judge ("ALJ") William C. Thompson, Jr.[2] In a December 3, 2013, decision, the ALJ concluded that plaintiff is not disabled based on the following relevant findings:

1. The claimant has the following severe impairment(s): depression, anxiety, and marijuana abuse;

2. The claimant does not have an impairment or combination of impairments that meets or medically equals an impairment listed in the regulations;

3. The claimant has the following residual functional capacity: he has the residual functional capacity to perform medium work; he can stand and walk up to six hours in an eight-hour workday; he can sit at least six hours in an eight-hour workday; he should not be required to climb ladders, ropes, or scaffolding; he should not work around heights or hazardous machinery; he is limited to work involving simple instructions, and having no more than occasional contact with the public and co-workers; and

///

---

[1] In its order, the Appeals Council noted that plaintiff had filed a subsequent claim on February 7, 2011, and that remand of the prior claim rendered this subsequent claim duplicative. The Appeals Council consolidated the files, and returned the matter to the ALJ for a new hearing.

[2] The ALJ held the record open after the hearing on plaintiff's counsel's representation that further behavioral health records would be forthcoming within two weeks. As of the date of the December 2013 decision no further records had been submitted.

   4. Considering the claimant's age, education, work experience, residual functional capacity, and vocational expert testimony, there are jobs that exist in significant numbers in the national economy that the claimant can perform.

After the Appeals Council declined review on November 25, 2014, this second action followed.

## II. STANDARD OF REVIEW

The court reviews the Commissioner's final decision to determine whether it is: (1) based on proper legal standards; and (2) supported by substantial evidence in the record as a whole. See Tackett v. Apfel, 180 F.3d 1094, 1097 (9th Cir. 1999). "Substantial evidence" is more than a mere scintilla, but less than a preponderance. See Saelee v. Chater, 94 F.3d 520, 521 (9th Cir. 1996). It is ". . . such evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson v. Perales, 402 U.S. 389, 402 (1971). The record as a whole, including both the evidence that supports and detracts from the Commissioner's conclusion, must be considered and weighed. See Howard v. Heckler, 782 F.2d 1484, 1487 (9th Cir. 1986); Jones v. Heckler, 760 F.2d 993, 995 (9th Cir. 1985). The court may not affirm the Commissioner's decision simply by isolating a specific quantum of supporting evidence. See Hammock v. Bowen, 879 F.2d 498, 501 (9th Cir. 1989). If substantial evidence supports the administrative findings, or if there is conflicting evidence supporting a particular finding, the finding of the Commissioner is conclusive. See Sprague v. Bowen, 812 F.2d 1226, 1229-30 (9th Cir. 1987). Therefore, where the evidence is susceptible to more than one rational interpretation, one of which supports the Commissioner's decision, the decision must be affirmed, see Thomas v. Barnhart, 278 F.3d 947, 954 (9th Cir. 2002), and may be set aside only if an improper legal standard was applied in weighing the evidence, see Burkhart v. Bowen, 856 F.2d 1335, 1338 (9th Cir. 1988).

/ / /

/ / /

## III.  DISCUSSION

In his motion for summary judgment, plaintiff argues: (1) the agency violated the "law of the case" doctrine on remand; (2) the ALJ improperly rejected the opinion of examining specialist, Dr. Kalman; (3) the ALJ improperly rejected the "other source" medical opinion of plaintiff's treating therapist, Mr. Weyuker; and (4) the ALJ erred in failing to find that plaintiff's bipolar disorder is a severe impairment.

At the outset, the court addresses plaintiff's argument that the agency violated the "law of the case" doctrine on remand.  Plaintiff argues:

> By impermissibly going beyond the scope of the Court's order, the ALJ violated the law of the case doctrine.  One may wonder why the ALJ revised the settled issue of Plaintiff's RFC; after all, there is no new evidence showing his condition has improved in any way, and he is older, which would tend to exacerbate any physical impairments.  The motive is transparent, for, as administrative-level Counsel wrote in her Exceptions to the [second] unfavorable decision,
>
> > Claimant's last unfavorable hearing decision found Claimant capable of work at the "light" level, and during the appeal process Mr. McManus had a categorical age change which led to him "gridding out" at light under the Medical-Vocational guidelines [footnote omitted].  The undersigned sent him to the local office with a letter explaining the situation, asking the a subsequent claim be taken and effected under *Chavez*.  Instead, the claims were consolidated, and the ALJ has now found without explanation that Claimant can do "medium" work.
>
> (Tr. 404).
>
> It is apparent, then, that not only did the ALJ fail to follow the Court's opinion, but the Appeals Council also violated the Law of the Case by taking it upon itself, erroneously, to consolidate the claims. (Tr. 469).  A change of age category satisfies the "changed circumstances" requirement of <u>Chavez</u>.  <u>Chavez v. Bowen</u>, 844 F.2d 691 (9th Cir. 1988). . . .  As in <u>Chavez</u>, Plaintiff here attained the age of 55, constituting a changed circumstance.

For a remedy, plaintiff suggests:

> One of two remedies is appropriate in this situation.  First, as the claims should not have been consolidated, Plaintiff should be found disabled as of attainment of age 55 (January 11, 2011), and awarded benefits.  Second, leaving the consolidation in place, Plaintiff should be found disabled on his Title XVI claim only, as of attainment of age 55,

pursuant to Medical-Vocational Guideline 202.01.

In opposition to plaintiff's motion for summary judgment, defendant argues that plaintiff "misreads the record. . ." and that the Appeals Council acted appropriately in consolidating plaintiff's claims because this court "vacated that [the prior] decision. . . ." It is the defendant, however, who misreads the record. In rendering judgment in plaintiff's first action for judicial review, this court did <u>not</u> vacate the prior agency decision denying benefits. In fact, to the extent the court held that the ALJ did not err with respect to certain portions of the prior hearing decision, the decision was left intact. This court remanded solely on those issues where deficiencies in the prior hearing decision were identified.

More significantly, it appears that the Appeals Council erred in finding that plaintiff's subsequent claim was duplicative of the remanded prior claim. The record reflects that plaintiff turned 55 in January 2011. His subsequent claim was filed in February 2011. As plaintiff correctly notes, the February 2011 application was not duplicative of the prior application because it was filed after plaintiff attained the age of 55, which constitutes "changed circumstances."[3] Thus, the February 2011 application was materially different and <u>not</u> duplicative. The Appeals Council's fundamental error renders the agency's consideration of the entire file flawed.

The court, however, does not accept plaintiff's binary choice of remedies. Rather, the court will order a third option. The matter will be remanded to the agency for further consideration. The Appeals Council's shall vacate its May 25, 2012, order consolidating plaintiff's applications and the agency shall consider plaintiff's applications separately on remand. In considering plaintiff's prior application, the agency shall comply with the court's decision in <u>McManus v. Commissioner of Social Security</u>, 02:10-CV-3090-CMK, with respect to the errors identified in the court's final order in that case.

---

[3] Notably, defendant does not acknowledge or address this issue.

## IV. CONCLUSION

For the foregoing reasons, this matter will be remanded for further proceedings consistent with this order.

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's motion for summary judgment (Doc. 20) is granted;
2. Defendant's cross motion for summary judgment (Doc. 24) is denied;
3. This matter is remanded for further proceedings consistent with this order; and
4. The Clerk of the Court is directed to enter judgment and close this file.

DATED: September 30, 2016

_____
**CRAIG M. KELLISON**
UNITED STATES MAGISTRATE JUDGE